[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Haven A. Knight, has brought an action alleging breach of fiduciary duty, conversion, theft, and violation of CUTPA against the defendant, Gateway Bank. The facts as alleged in the complaint are as follows. The defendant issued a certificate of deposit (C.D.) originally held by the Estate of John J. D'Elia. The C.D. is an asset of a trust created under Article Sixth of the will of John J. D'Elia. The trustees of the trust are the plaintiff and John D. D'Elia. After settlement of the estate, the plaintiff notified the defendant, that the records should reflect that the C.D. was being held for the trust and not for the estate. The defendant did not amend its records. On March 13, 1991, John D. D'Elia, without authorization or consent of the plaintiff, pledged the C.D. to the defendant to secure a commercial loan. The defendant has held the C.D. as collateral since March 13, 1991, and has refused to return the C.D. to the trust's account.
The plaintiff filed this motion for summary judgment, a supporting memorandum of law, an affidavit of the plaintiff, and documentary evidence. The defendant filed a memorandum of law in opposition, and an affidavit, and documentary evidence in support.
The plaintiff argues that the defendant participated in a breach of trust because the defendant knew a fiduciary account was being used for a nonfiduciary purpose, and, that these actions constitute a violation of CUTPA. The plaintiff further argues that retention of the C.D. by the defendant is conversion, and theft under General Statutes § 52-564. The defendant argues that it did not have knowledge or notice that the C.D. was CT Page 3676 the property of the trust and not of the estate, or that it was being applied to a nonfiduciary purpose.
The issue is whether John D. D'Elia was authorized to pledge the C.D. as security for a commercial loan, and, if not, did the defendant know that the use of the C.D. as security was improper. Whether the use of the C.D. as collateral was unauthorized is a question of fact. The defendant has presented evidence that the will of John J. D'Elia provided that the executors and trustees had the power to use assets of the trust as collateral for loans to the automotive businesses which were part of his estate. The defendant has submitted an affidavit, and copy of the note, which show that the loan was made to D'Elia Pontiac. The plaintiff also alleged in his complaint that John D. D'Elia was both an executor and a trustee. Therefore, whether the transaction was unauthorized is a question of fact. Furthermore, the plaintiff has provided a copy of the letter sent to the defendant via Doris Yankovich; the defendant has provided, however, an affidavit that Ms. Yankovich did not handle duties of this nature. Therefore, it is a question of fact as to whether the defendant knew the C.D. was owned by the trust. Accordingly, the plaintiff's motion for summary judgment is denied.
D'ANDREA, J.